NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, <br><br> Petitioner, <br><br> v. <br><br> RADNET MANAGEMENT, INC., <br><br> Respondent. | No. 24-3790 <br><br> NLRB No. 31–CA–235878 <br><br> MEMORANDUM* |
| RADNET MANAGEMENT, INC., DBA San Fernando Valley Advanced Imaging Center, <br><br> Petitioner, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br> Respondent. | No. 25-1178 <br><br> NLRB No. 31-CA-235878 |

On Petition for Review of an Order of the
National Labor Relations Board

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 12, 2026
San Francisco, California

Before: CALLAHAN, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

The National Labor Relations Board ("the Board") applies for enforcement of an order upholding an Administrative Law Judge's finding that RadNet Management, Inc. ("RadNet") violated a settlement agreement ("Settlement Agreement") and Section 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (5). RadNet cross-petitions for review of that order and the Board's subsequent orders denying its motion for reconsideration and motion to reopen the record. We have jurisdiction under 29 U.S.C. § 160(e)–(f). We grant the Board's application and deny RadNet's petition for review.

We will uphold a decision of the Board if it "correctly applied the law and its factual findings are supported by substantial evidence." *NLRB v. Nexstar Broad., Inc.*, 4 F.4th 801, 805–06 (9th Cir. 2021) (quoting *Glendale Assocs., Ltd. v. NLRB*, 347 F.3d 1145, 1151 (9th Cir. 2003)). We review for abuse of discretion the Board's decision to set aside a settlement agreement, *Tualatin Elec., Inc. v. NLRB*, 84 F.3d 1202, 1205 (9th Cir. 1996) (per curiam), as well as its denial of a motion to reopen proceedings, *NLRB v. Hanna Boys Ctr.*, 940 F.2d 1295, 1300 (9th Cir. 1991).

---

**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.      The Board did not abuse its discretion in approving the Regional Director's set-aside of the Settlement Agreement. Under the Settlement Agreement, RadNet agreed to reinstate former employee Veronica Atwater and provide her with backpay, "[i]f, upon the issuance of the mandate by [this court], the Agency prevail[ed]" in its refusal-to-bargain case. We issued mandate in favor of the Board in the refusal-to-bargain case on August 10, 2020, but RadNet did not reinstate or pay Atwater. Substantial evidence therefore supports the Board's finding that RadNet breached the Settlement Agreement.[1] *See Tualatin*, 84 F.3d at 1205 (upholding set-aside of settlement agreement where employer breached agreement by failing to reinstate employee).

The Settlement Agreement did not condition RadNet's reinstatement and backpay liability on any compliance proceeding. The only condition it imposed is that our mandate issue in favor of the Board in the refusal-to-bargain case. Although the Settlement Agreement specifies that the backpay amount is "to be determined by the Regional Director, upon completion of a compliance investigation, including, as necessary, a compliance hearing," that language merely recognizes the Board's practice of bifurcating liability and compliance

---

[1] We decline to consider RadNet's argument that the Board abused its discretion in approving the set-aside because it partially performed under the Settlement Agreement. RadNet claims that it complied with its obligations to post a remedial notice and expunge records regarding Atwater's layoff, yet it presented no evidence before the ALJ or Board that it did so.

proceedings. *See NLRB v. Trident Seafoods Corp.*, 642 F.2d 1148, 1150 (9th Cir. 1981); *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 411 (1960) (Frankfurter, J., concurring).

Because the Board did not abuse its discretion in approving the set-aside, it also did not abuse its discretion in denying RadNet's motion for reconsideration.

2.     The Board did not abuse its discretion in denying RadNet's motion to reopen the record to introduce evidence of Atwater's alleged misconduct. RadNet's newly discovered evidence of Atwater's alleged misconduct affects the remedy, not its liability, and is more appropriately reserved for a later compliance proceeding. *See Tschiggfrie Props., Ltd.*, 368 NLRB No. 120, at \*12 n.27 (Nov. 22, 2019).

The Board's application to enforce its order is **GRANTED**, and RadNet's petition for review is **DENIED**.